[997 NYS2d 630]

In the Matter of SHARON E. COOK, an Attorney, Respondent.
GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND
THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, December 31, 2014

### APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Myron C. Martynetz* of counsel), for petitioner.

*Scalise & Hamilton, LLP*, White Plains (*Catherine A. Sheridan* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a petition containing one charge of professional misconduct. After a preliminary conference on November 25, 2013, and a hearing conducted on December 20, 2013, the Special Referee sustained the charge. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and appropriate. The respondent has submitted papers in support of the motion to confirm, and asks that she be privately reprimanded.

Charge one alleges that the respondent failed to cooperate with a legitimate investigation of a complaint of professional misconduct against her conducted by the Grievance Committee, and failed to comply with its lawful demands, in violation of rule 8.4 (d) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0). By letter to the respondent, sent on November 30, 2011, by first-class mail, to her law office address at Coo-

per, Paroff, Cooper & Coo, 80-02 Kew Gardens Road, Suite 300, Kew Gardens, New York, 11415, the Grievance Committee forwarded a copy of a complaint of professional misconduct by Lawrence J. Cormier, and directed the respondent to provide a written answer thereto, within 10 days of receipt of the letter. The respondent failed to submit a written answer or request additional time in which to do so.

On January 6, 2012, the Grievance Committee sent the respondent a letter to her law office address, by first-class and certified mail, enclosing another copy of Mr. Cormier's complaint, and again directed the respondent to submit a written answer within 10 days. The letter warned the respondent that her failure to respond or otherwise cooperate with the Grievance Committee constitutes professional misconduct independent of the merits of the underlying complaint. The respondent again failed to submit a written answer or request additional time in which to do so.

On January 30, 2012, the Grievance Committee sent the respondent another letter addressed to her at her law office, by first-class and certified mail, enclosing another copy of the complaint, and again directed her to submit a written answer within 10 days. The letter warned the respondent that should she continue to fail to cooperate, an application might be made seeking her immediate suspension, pursuant to Rules of the Appellate Division, Second Department (22 NYCRR) § 691.4 (l). The respondent again failed to submit a written answer or request additional time in which to do so.

On March 9, 2012, the Grievance Committee telephoned the respondent's office at 718-793-1311, spoke to a receptionist, and left a voice mail message for the respondent to call back and/or submit a written answer to the Cormier complaint by March 16, 2012, or the Grievance Committee would move for her immediate suspension from the practice of law.

The respondent failed to contact the Grievance Committee in any manner, submit a written answer to the Cormier complaint, or otherwise cooperate with the Grievance Committee.

The respondent ultimately filed a written answer to the petition. However, she did so only after this Court vacated the respondent's disbarment on default, reinstated her, and directed her to submit an answer to the petition. In her answer, the respondent admitted the factual allegations underlying the charge of failure to cooperate with the Grievance Committee, but denied the charge.

Based on the evidence adduced, and the respondent's admissions, the Special Referee properly sustained the charge. Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted.

The respondent has a disciplinary history consisting of two admonitions. On November 21, 1991, she was admonished for failing to reregister as an attorney and for failing to cooperate with the Grievance Committee. On February 9, 2011, she was admonished for neglecting a legal matter and for failing to cooperate with the Grievance Committee.

The respondent asks that the Court remit the matter back to the Grievance Committee for issuance of a private sanction in light of the substantial mitigation presented, consisting of the following factors: her expressions of deep remorse, which were found credible by the Special Referee; her medical problems, which the Special Referee also found credible; the departure of one of the partners in her firm during the period in question, which caused her to shoulder more responsibilities and added to her already stressful housing court practice; the steps that she has taken to reduce her workload; her pro bono work; the consequences that she has already suffered (loss of her former position, shame and humiliation of being disbarred, the two-month period of actual disbarment prior to her reinstatement); and her reputation as an exemplary attorney.

Under the totality of the circumstances, including the aforementioned mitigating factors and the respondent's prior disciplinary history, we find that a public censure is warranted.

ENG, P.J., MASTRO, RIVERA, SKELOS and COHEN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Sharon E. Cook, is publicly censured for her misconduct.